PER CURIAM.
These consolidated appeals are each directed to a judgment entered upon a jury verdict for the defendant. Each is a wrongful death action arising from a most tragic event which resulted in the death by drowning of twenty-seven persons after a collision between a pick-up truck and a bus. We shall not endeavor to state the complicated and controverted evidence produced at the trial. The cases proceeded to *372 trial on each plaintiff’s allegations of negligence of the defendant Sconyers and the defendants’ answers denying negligence. There were no affirmative defenses. The jury returned a verdict for the defendants thereby finding that the greater weight of the evidence did not support plaintiffs’ claim of negligence of Sconyers which was the proximate cause of plaintiffs’ damage. There was evidence of concurring and intervening causes of the plaintiffs’ damage not attributable to the plaintiffs. Under the circumstances the court properly instructed the jury to the effect that the proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would have not occurred. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury. An efficient intervening cause was properly defined as any cause which breaks the chain of causation from the original negligent act or omission causing it to be regarded as the proximate cause. The court further noted that the mere fact that other forces have intervened between the defendant’s negligence and the plaintiff’s injury does not relieve the defendant where the injury was the natural and probable consequence of the original wrongful act and might reasonably have been foreseen. The jury verdict for Sconyers rendered moot the further issue of defendant Stein’s vicarious liability.
The issues between the parties were properly drawn, fully developed by properly admitted evidence of each of the parties, and determined by a verdict of the jury after proper instructions of the taw applicable to the issues. The plaintiffs’ evidence pointed to negligence by Sconyers. Defendants’ evidence was to the contrary. The experts were interrogated upon a hypothetical case which was founded on the evidence. Under these circumstances our review on appeal is limited to a determination of whether or not the court should have directed a verdict in favor of each plaintiff on the issue of liability. This record presents evidence upon which a jury could have found for the plaintiffs or it could have found for the defendants. That circumstance requires us to affirm the judgment.
SMITH, C. J., ANDREWS, J., and ADAMS, GEORGE E., Associate Judge, concur.